UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RAMON T. ROSAS and
JUNE M. ROSAS,      Case No. 11-31213
    Chapter 7 Proceeding
        Debtors.     Hon. Daniel S. Opperman
_____/

WILLIAM SCHAUB,
    Plaintiff,

v.     Adv. Proc. No. 11-3305

JUNE M. ROSAS,
    Defendant.
_____/

## OPINION DETERMINING DEBTS OWING TO PLAINTIFF ARE NONDISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(15)

### Introduction

Plaintiff William P. Schaub filed this adversary proceeding seeking a finding that Debtor/Defendant June M. Rosas' obligations owing to him arising out of a Judgment of Divorce are nondischargeable pursuant to 11 U.S.C. § 523(a)(15). The parties agreed that there are no issues of fact, have submitted briefs, and have asked this Court to determine this Adversary Proceeding as a matter of law without conducting a trial.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. L.R. 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

1

The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall,* -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

Facts

The Plaintiff and Defendant were husband and wife. A Judgment of Divorce was entered in the Saginaw County Circuit Court between Plaintiff and Defendant on March 16, 2009 ("Judgment of Divorce"). The Judgment of Divorce states in the "PROPERTY SETTLEMENT" section as follows, in relevant part:

> THAT the Defendant, JUNE M. SCHAUB, shall be hereby awarded all personal property in his [sic] possession, including but limited to any vehicle in her possession free and clear of any claim on behalf of Plaintiff and Defendant shall assume any outstanding indebtedness associated therewith and hold Plaintiff harmless therefrom."

(Judgment of Divorce, Page 10).

The Judgment of Divorce further states in the "PROPERTY SETTLEMENT" section as follows, in relevant part:

> THAT all right, title and interest of the parties in and to the property known by the postal address of 922 Oakview Drive, and situated in the Township of Carrollton, County of Saginaw, and State of Michigan, and described as follows:
>
> "LOT 17 OAK VIEW SUBDIVISION SEC 12 T12N R4E"
>
> shall be and hereby is awarded to the Plaintiff, WILLIAM P. SCHAUB, free and clear of any right, claim or interest therein or title thereto on the part of the Defendant; which said property is subject to a certain first mortgage and home equity loan with Lake Huron Credit Union and that the Plaintiff, shall assume and pay all sums due or to become due according to the first mortgage, saving Defendant harmless therefrom. Plaintiff and Defendant shall evenly divide and pay the home equity loan until it is paid in full.

2

(Judgment of Divorce, Page 11).

The Judgment of Divorce states in the "DEBTS AND OBLIGATIONS" section as follows, in relevant part:

> Further, the parties are and shall be equally responsible for any debt owed to Plaintiff's mother that they borrowed during the marriage.

(Judgment of Divorce, Page13).

Plaintiff asserts that the obligations quoted above from the Judgment of Divorce constitute debts ("Debts") that are nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Defendant argues that the Debts are in the nature of a property settlement, which are dischargeable in bankruptcy.

### Nondischargeability Pursuant to Section 523(a)(15)

A party contesting the dischargeability of a debt under Section 523(a) of the Bankruptcy Code has the burden of proving the elements of the statute. *Andrus v. Ajemian (In re Andrus)*, 338 B.R. 746, 752 (Bankr. E.D. Mich. 2006) (quoting *Luman v. Luman (In re Luman)*, 238 B.R. 697, 704 (Bankr. N.D. Ohio 1999)). The evidentiary burden is a "preponderance of the evidence" standard. *Id*. Thus, it is Plaintiff's burden to establish by a preponderance of the evidence that the obligations at issue here are nondischargeable.

Section 523(a)(15) excepts from discharge under Section 727, debts:

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

Section 523(a) excepts from discharge under Section 727 debts "(5) for a domestic support obligation[.]" ("DSO"). The term "domestic support obligation" is defined in Section 101(14A), in relevant part, as follows:

3

a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–

  (A) owed to or recoverable by–

    (i) a … former spouse ...

  (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such … former spouse, … without regard to whether such debt is expressly so designated;

  (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–

    (i) a separation agreement, divorce decree, or property settlement agreement; … and

  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the … former spouse … for the purpose of collecting the debt.

Thus, to be a DSO and within Section 523(a)(5), in addition to the other statutory elements, an obligation must be in the nature of alimony, maintenance, or support.

Generally, in determining whether a debt falls within one of the exceptions of Section 523, the statute is construed narrowly against the creditor and liberally in favor of the debtor. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir. 1987); *Murphy & Robinson Inv. Co. v. Cross (In re Cross)*, 666 F.2d 873, 879-80 (5th Cir. 1982). An exception to this general rule of construction existed for the term "support" contained in pre-BAPCPA Section 523(a)(5).[1] *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881 (10th Cir. 1993) ("[T]he term 'support' as used in § 523(a)(5) is entitled to a broad application."). "'The terms "alimony" and "support" are given a broad construction to promote the Congressional policy that favors enforcement of obligations for spousal and child support.'

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective for all cases filed on or after October 17, 2005 (180 days after Date of Enactment, April 20, 2005).

'Congressional policy concerning § 523(a)(5) has always been to ensure that genuine support obligations would not be dischargeable.'" *Goans v. Goans (In re Goans)*, 271 B.R. 528, 531-532 (Bankr. E.D. Mich. 2001) (quoting *Bailey v. Bailey (In re Bailey)*, 254 B.R. 901, 905 (B.A.P. 6th Cir. 2000) (quoting *Hayes v. Hayes (In re Hayes)*, 235 B.R. 885, 891 (Bankr. W.D. Tenn. 1999) (internal citations omitted))). The rationale favoring a liberal construction for the term "support" in the former Section 523(a)(5) seems equally applicable to its BAPCPA replacement contained in Section 101(14A).

Prior to the BAPCPA amendments in 2005, the designation of an obligation as a DSO within Section 523(a)(5) was critical for a non-debtor former spouse seeking to protect from discharge a debt owed him or her from a divorce or separation. This is because such debts, if not within Section 523(a)(5), were within Section 523(a)(15) where their non-dischargeable nature was vulnerable to exceptions. The BAPCPA amendments did away with the urgency of classification for cases under Chapter 7 because Section 523(a)(5), as amended, and (a)(15), as amended (with its exceptions removed), operating in tandem, render any obligation owing a former spouse that arises from a divorce decree or separation agreement, non-dischargeable.[2]

---

[2] The *Collier* treatise explains:

> Since its enactment, for purposes of dischargeability, the Code has drawn a distinction between an obligation that is in the nature of alimony, maintenance and support and other types of obligations arising out of a marital relationship, more specifically, a debt arising in the course of a divorce or separation or in connection with a separation agreement or divorce decree. The latter type of debt is commonly referred to as a property settlement obligation.
>
> Section 523(a)(15) provides unqualifiedly that a debt encompassed by section 523(a)(15) is nondischargeable. Thus, with respect to dischargeability in cases under chapters 7, 11 and 12, all of which base dischargeability on section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence.

Alan N. Resnick, 4-523 *Collier on Bankruptcy-16th Edition* 523.11[1] (Matthew Bender & Company, Inc. 2012) (footnotes omitted).

Analysis

The relevant undisputed facts of this matter are as follows: The Plaintiff is the former spouse of Defendant; and the Debts arose directly from the parties' Judgment of Divorce. What is in dispute is: (1) Whether the Debts are a DSO pursuant to the definition found in Section 101(14A); and (2) the extent to which the Debts remain outstanding. The relevant provisions are under the headings "Property Settlement" and "Debts and Obligations," as stated above, and clearly direct that:

> (1) With regard to personal property in her possession: "Defendant shall assume any outstanding indebtedness associated therewith" (Judgment of Divorce, Page 11);
>
> (2) With regard to the marital home: "Plaintiff and Defendant shall evenly divide and pay the home equity loan until it is paid in full" (Judgment of Divorce, Page 12); and
>
> (3) With regard to debts and obligations not otherwise specified: "Further, the parties are and shall be equally responsible for any debt owed to Plaintiff's mother that they borrowed during the marriage." (Judgment of Divorce, Page 13).

The Court first notes that Plaintiff brings this action pursuant to Section 523(a)(15) only. However, the Court must first consider Section 523(a)(5) and whether the Debts constitute a DSO in whole or in part, because, if Section 523(a)(5) is not applicable, the analysis is then made pursuant to Section 523(a)(15). The Court concludes that the Debts are not a DSO under the definition for such found in Section 101(14A). There is no indication, explicit or implicit, in the Judgment of Divorce that the parties intended the Debts to be in the nature of alimony, maintenance or support. Further, the parties specifically waived spousal support in the Judgment of Divorce (Judgment of Divorce, Page 10), and the relevant provisions of the Judgment of Divorce recited above are not in the nature of support. Because Section 523(a)(5) is not applicable, and because there is no dispute the Debts are owed by Defendant to Plaintiff and

6

were incurred through a Judgment of Divorce, the Debts are excepted from discharge pursuant to Section 523(a)(15).

## Conclusion

In conclusion, the Court holds that Plaintiff has established by a preponderance of the evidence that the Debts are a DSO so as to be within Section 523(a)(15). Accordingly, the Court grants judgment in favor of Plaintiff, and to the extent all or part of the Debts are outstanding, as determined by the state court, shall be excepted from discharge pursuant to Section 523(a)(15).

**Not for Publication**

```
Signed on March 15, 2013
                                        /s/ Daniel S. Opperman
                                    Daniel S. Opperman
                                    United States Bankruptcy Judge
```